SUMMARY ORDER

Petitioner Jin Zhi Piao, a native and citizen of the People’s Republic of China, seeks review of a February 5, 2009 order of the BIA affirming the March 15, 2007 decision of Immigration Judge (“IJ”) Sandy K. Horn, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Jin Zhi Piao, No. A098 985 993 (B.I.A. Feb. 5, 2009), aff'g No. A098 985 993 (Immig. Ct. N.Y. City Mar. 15, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). Because the BIA adopted the IJ’s adverse credibility determination based solely on the IJ’s findings of inconsistencies between Piao’s testimony and other statements in the record, we need not address other reasons cited by the IJ for rejecting her testimony. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005).
We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). For asylum applications, such as Piao’s, which were filed after May 11, 2005, the assessment of an applicant’s credibility is governed by the amendments to the Immigration and *460 Nationality Act made through the REAL ID Act of 2005. Under these provisions, the agency may base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(1)(B)(iii); see also Matter of JY-C-, 24 I. & N. Dec. 260, 265 (BIA 2007). We “defer to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
In this case, the IJ based his negative assessment of Piao’s credibility primarily on two inconsistencies between Piao’s testimony and other statements Piao made elsewhere in the record. First, while Piao testified that she feared future persecution in China on account of her Christianity, the 1-213 submitted into evidence by the government indicated that she told border officials that she had no fear of returning to China and merely wanted to live and work in the United States. Second, while Piao initially testified that the police ransacked and searched her home at 2:00 p.m. on April 14, 2005, she stated in her asylum application that this incident occurred at 10:00 a.m. Given the totality of the circumstances, these inconsistencies provided substantial evidence in support of the IJ’s adverse credibility determination. See id.
First, Piao’s credibility was undermined by her failure to mention during her interview with border officials that she had suffered past persecution and feared future persecution on account of her Christianity, a serious omission that bore directly on the very basis of her claims for relief. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 398 (2d Cir.2005) (“[W]here ... a petitioner has provided two distinct, non-overlapping accounts of persecution, ... an IJ must ... rely on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of [his] asylum claim with two entirely different responses.”); see also Cheng Tong Wang v. Gonzales, 449 F.3d 451, 453-54 (2d Cir.2006). Piao argues that the 1-213, the form that recorded her interview with border officials, was unreliable because of “translation problems” and that the IJ therefore should not have admitted it into evidence. We have held that an 1-213 form is “presumptively reliable,” because it “containfs] guarantees of reliability and trustworthiness that are substantially equivalent” to those required of business records admissible under the Federal Rules of Evidence. Felzcerek v. INS, 75 F.3d 112, 116-17 (2d Cir.1996).
Piao’s argument does not undermine this presumption of reliability and trustworthiness. Her interview responses were recorded with the assistance of a Chinese interpreter. Although Piao’s “best” language is Korean, she admitted that she understood the questions asked of her as they were translated by the interpreter. She further testified that she understood and spoke Chinese, that she attended two years of business school taught entirely in Chinese, and that she spoke exclusively in Chinese at work. Furthermore, in weighing the trustworthiness of the document, the IJ noted that the information contained in the 1-213 regarding Piao’s arrival date, place of arrival, and method of arrival in the United States was consistent with her testimony. Thus, based on Piao’s own testimony, it was reasonable for the IJ to conclude that the purported translation problems did not undermine the reliability of the 1-213. See id.
*461 Second, Piao argues that the IJ “intentionally ignored” her “reasonable explanation” for the inconsistency in her statements regarding the timing of the police visit to her home, i.e., that the police visited her home twice in a single day. However, the IJ acknowledged and rejected this explanation. While he was required to consider Piao’s explanation, he was not compelled to credit it. See Majidi v. Gonzales, 430 F.3d 77, 80 (2d Cir.2005). Accordingly, the IJ did not err in denying Piao’s asylum application.
Finally, because Piao’s claims for withholding of removal and CAT relief were based on the same factual predicate as her asylum claim, the adverse credibility determination in this case was also a valid basis for denying those claims. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review' is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).